**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANGEL RIOS-ISLAS, | No. 16-70128 |
| Petitioner, | Agency No. A070-981-123 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2021[**]
Honolulu, Hawaii

Before: CLIFTON, R. NELSON, and COLLINS, Circuit Judges.

Petitioner Angel Rios-Islas petitions for review of the Board of Immigration

Appeals' decision dismissing his appeal and affirming the Immigration Judge's

denial of his application for withholding of removal and relief under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). This court has jurisdiction pursuant to 8 U.S.C. § 1252. We review the agency's factual findings for substantial evidence and the agency's legal conclusions de novo, giving deference to the agency's constructions of ambiguous statutory terms. *See Ramos-Lopez v. Holder*, 563 F.3d 855, 858–59 (9th Cir. 2009) (holding that because the term "particular social group" within the meaning of the INA is ambiguous, a determination by the BIA that a certain group is or is not a "particular social group" is entitled to deference), *abrogated in part on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc). We deny the petition for review.

With respect to withholding of removal, assuming credibility, the BIA concluded that Rios-Islas failed to establish the existence of a particular social group or demonstrate that he was targeted for harm on account of his membership in a particular social group.

The BIA did not err in concluding that the record did not support the claim of the existence of a particular social group composed of taxi drivers. Rios-Islas failed to demonstrate that his proposed social group is "composed of members who share a common immutable characteristic[.]" *See Diaz-Reynoso v. Barr,* 968 F.3d 1070, 1077 (9th Cir. 2020) (internal quotation marks and citation omitted). Indeed,

2

Rios-Islas stated that, if removed to Mexico, he would not want to drive a taxi again.

Nor did record evidence compel the conclusion that Rios-Islas was targeted for harm on account of his membership in the alleged particular social group. As the victim of generalized violence, Rios-Islas failed to demonstrate a nexus between the alleged harm and a protected ground. *See Zetino v. Holder,* 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").[1]

As for CAT relief, although Rios-Islas testified that he was robbed and threatened in Mexico in the past, the record did not compel the conclusion that he would be subject to harm rising to the level of torture in the future if removed. It was not clear from the record that each of the prior incidents Rios-Islas cited involved members of the same cartel. Generalized evidence of violence and crime in Mexico that is not particular to Rios-Islas is insufficient to establish prima facie

[1]Although the BIA and the IJ both recited the "one central reason" test that was subsequently rejected for withholding of removal claims in *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017), the BIA's decision also specifically concluded that there was an "absence of a nexus to a statutorily protected ground." Under such circumstances, no remand is warranted. *See Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019).

eligibility for CAT relief. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). Nor did the record compel the conclusion that the Mexican government would torture Rios-Islas or acquiesce in his torture. Rios-Islas acknowledged that he did not report the second robbery to the police. Even if he had, "[e]vidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014). Rios-Islas did not provide compelling evidence of the Mexican government's acquiescence in torture inflicted by cartels. Although Dr. Kirkland testified that it was difficult for the Mexican government to control cartels because "the legal system is swamped or is overloaded with cases[,]" he also said that "Mexican authorities are trying the best that they can to protect Mexican citizens."

**PETITION FOR REVIEW DENIED.**